# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | CIVIL ACTION NO. 6:20-cv-482<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively, "Defendants") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, defendant Dell Technologies Inc. is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682.

4. On information and belief, defendant Dell Inc. is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. Dell Inc. is wholly owned by its corporate parent, Dell Technologies Inc.

1

5. On information and belief, defendant EMC Corporation is a Massachusetts corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682. EMC Corporation is wholly owned by its corporate parent, Dell Technologies Inc.

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over each defendant pursuant to due process and/or the Texas Long Arm Statute, because each defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over each defendant would not offend traditional notions of fair play and substantial justice because each defendant has established minimum contacts with the forum. For example, on information and belief, each defendant has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b). Each defendant has established places of business in the Western District of Texas. Each defendant is registered to do business in Texas. Upon information and belief, each defendant has transacted business in this District and has committed acts of infringement in this District.

## COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 7,424,020

10. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

11.   On September 9, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,424,020 ("the '020 Patent'"), entitled "Network Nodes." A true and correct copy of the '020 Patent is attached as Exhibit A to this Complaint.

12.   Brazos is the owner of all rights, title, and interest in and to the '020 Patent, including the right to assert all causes of action arising under the '020 Patent and the right to any remedies for the infringement of the '020 Patent.

13.   Defendants make, use, sell, offer for sale, import, and/or distribute in the United States, including within this judicial district, products such as, but not limited to, Dell Edge Gateways (collectively, the "Accused Products").

14.   The Accused products Connect various wired and wireless devices and systems. The Edge Gateway aggregates and analyzes the data at the input and then transports it further.



https://www.dell.com/en-us/work/shop/gateways-embedded-computing/sf/edge-gateway

15.   The Accused Products include interfaces for connecting the physical world, bridging both legacy systems and modern sensors (i.e. multiple terminals) to the internet (i.e.

3

communication network). The Edge Gateway uses Wi-Fi or ethernet connections to connect with the devices.

## Connect more things.

The Edge Gateway includes a wide variety of wired and wireless connections, including serial connections. The I/O on the intelligent device makes it easy to connect your legacy industrial systems and your new mesh networks. The Gateway uses Wi-Fi, WWAN and Ethernet to connect and communicate. Then the processing power of the Gateway supports middleware to aggregate, convert and normalize data from all the disparate protocols – from ModBus to BACnet to ZigBee and more.

https://www.dell.com/en-us/work/shop/gateways-embedded-computing/sf/edge-gateway



**Bring analytics to the network edge**

Dell's intelligent gateway sits near the devices and systems in distributed IoT networks. Meaningful data is sent to the cloud or data center to enrich the analytics, control and smart systems.

https://www.dell.com/ae/business/p/dell-edge-gateway-5000/pd

16.     The Accused Products include a processor (i.e. control unit) that removes a portion of protocol layers from the data received from the internet (i.e. communication network) and streams the remaining data to be transmitted to on a bus to the legacy system.

> **Analytics at the edge**
> The Dell Edge Gateway 5000 Series is designed to aggregate, secure and relay data from diverse sensors and equipment. The Intel® Atom™ processor provides capacity to perform local analytics so only meaningful information is sent to the next tier, which could be another gateway, the datacenter or the cloud. This minimizes consumption of expensive network bandwidth and reduces overall solution latency.

https://www.softwareag.com/es/images/454421_en_tcm411-169242.pdf

17.     The Accused Products provide a protocol converter. For example, when Layer 3 data has to be transmitted into a Layer 2 network, the unuseful protocol data is removed by the protocol converter (i.e. removes protocol data from a portion of protocol layers from a data stream received from the communication network via the second interface).

> **Industrial IoT Edge Gateway**
>
> The edge gateway helps to connect OT and IT seamlessly. With diverse edge computing functions, the gateway can play as important role in multiple IoT constriction, such as protocol converter, data collector, or data logger. With

https://www.advantech.com/products/industrial-iot-edge-gateway/sub_9a0cc561-8fc2-4e22-969c-9df90a3952b5

18. Dell's Edge Gateways connects with the physical world by bridging both legacy systems and modern sensors to the internet. One can aggregate and normalize virtually any data source, ranging from industry-standard protocols such as BACNet, Modbus, and CANbus, to modern wireless mesh networks like ZigBee and 6LoWPAN.

> **Expanded I/O and communication protocols**
> Make the most of the equipment you already have and expand capabilities with new technologies. Connect broadly with the physical world using Dell IoT gateways, bridging both legacy systems and modern sensors to the internet. With the right physical I/O and our certified ISV middleware, you can aggregate and normalize virtually any data source, ranging from industry-standard protocols such as BACNet, Modbus and CANbus, to modern wireless mesh networks like ZigBee and 6LoWPAN.

https://i.dell.com/sites/doccontent/corporate/secure/en/Documents/edge-gateway-specsheet.pdf,

19. In the CANbus protocol, there is no explicit address in the messages. Instead, each message carries a numeric value that controls its priority on the bus, and the numeric value would also serve as an identification of the contents of the message

20. As an example, the legacy devices communicating via the CANbus protocol, connected to the accused product, will have no explicit address for data routing in the communication network (i.e. IP network/cloud) and would use the IP address of the Edge Gateway

to communicate with the communication network (i.e. one IP address is allocated to the network node for each of the two or more terminals connected to the network node).

> The CAN Bus protocol can be summarized in the following manner:
>
> - The physical layer uses differential transmission on a twisted pair wire
> - A non-destructive bit-wise arbitration is used to control access to the bus
> - The messages are small (at most eight data bytes) and are protected by a checksum
> - There is no explicit address in the messages, instead, each message carries a numeric value which controls its priority on the bus, and may also serve as an identification of the contents of the message
> - An elaborate error handling scheme that results in retransmitted messages when they are not properly received
> - There are effective means for isolating faults and removing faulty nodes from the bus
>
> CAN Bus has a multi-master capability meaning any node on the bus can initiate communication to any other node in a network.

https://www.typhoon-hil.com/documentation/typhoon-hil-schematic-editor-library/References/can_bus_protocol.html

21. In view of preceding paragraphs, each and every element of at least claim 6 of the '020 Patent is found in the Accused Products.

22. Defendants continue to directly infringe at least one claim of the '020 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

23. Defendants have received notice and actual or constructive knowledge of the '020 Patent since at least the date of service of this Complaint.

24. Since at least the date of service of this Complaint, through its actions, Defendants have actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '020 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals,

and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://www.dell.com/en-us/work/shop/gateways-embedded-computing/sf/edge-gateway
- https://www.dell.com/ae/business/p/dell-edge-gateway-5000/pd

25. Since at least the date of service of this Complaint, through its actions, Defendants have contributed to the infringement of the '020 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '020 Patent. The Accused Products are especially made or adapted for infringing the '020 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '020 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A) Enter judgment that Defendants infringe one or more claims of the '020 Patent literally and/or under the doctrine of equivalents;

(B) Enter judgment that Defendants have induced infringement and continue to induce infringement of one or more claims of the '020 Patent;

(C) Enter judgment that Defendants have contributed to and continue to contribute to the infringement of one or more claims of the '020 Patent;

(D) Award Brazos damages, to be paid by Defendants in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Defendants of the '020 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(E) Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(F) Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: June 2, 2020

Respectfully submitted,

*/s/ James L. Etheridge*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296

ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**