**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>　　　　Defendants. | Case No. 6:20-cv-00482-ADA<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

Page

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 2 |
| | A. | The '020 Patent | 2 |
| | B. | The Accused Product | 4 |
| III. | LEGAL STANDARD | | 5 |
| | A. | Direct Infringement | 5 |
| | B. | Induced and Contributory Infringement | 6 |
| IV. | ARGUMENT | | 7 |
| | A. | Plaintiff Fails to State a Claim for Direct Infringement | 7 |
| | B. | Plaintiff Fails to State a Claim for Induced and Contributory Infringement | 9 |
| | | 1. Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement | 9 |
| | | 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement | 9 |
| | | 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement | 11 |
| | | 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement | 12 |
| V. | CONCLUSION | | 13 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) .................................................................................6, 11

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................6, 11

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) .........................9, 10

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ......................................................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................5

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
  C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) .........................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................5

*Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*,
  912 F. Supp. 2d 1338 (M.D. Fla. 2012) ..............................................................................10

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ..............................7

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ......................................................................................................6, 9

*Data Engine Techs. LLC v. Google LLC*,
  906 F.3d 999 (Fed. Cir. 2018) ...............................................................................................3

*De La Vega v. Microsoft Corp.*,
  2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...................................................................5, 7

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) .....................................12

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006) ...........................................................................................11

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
 909 F.3d 398 (Fed. Cir. 2018) ..................................................................................................6, 9

*Fujitsu Ltd. v. Netgear Inc.*,
 620 F.3d 1321 (Fed. Cir. 2010) ....................................................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
 563 U.S. 754 (2011) .....................................................................................................................6

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
 No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018) ....................................................7

*Hypermedia Navigation LLC v. Google LLC*,
 No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) .....................................12

*Insuremax Ins. Agencies, Inc. v. AEA Ins. Agencies, Inc.*,
 No. SA-13-CA-317-FB, 2014 WL 12481353 (W.D. Tex. Nov. 6, 2014),
 *report and recommendation adopted*, 2014 WL 12481354 (W.D. Tex. Dec. 3,
 2014) ............................................................................................................................................3

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
 870 F.3d 1320 (Fed. Cir. 2017) ................................................................................................6, 9

*Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*,
 No. 3:18-01074-K, slip op. (N.D. Tex. Oct. 9, 2018) ..................................................................7

*Lormand v. US Unwired, Inc.*,
 565 F.3d 228 (5th Cir. 2009) .......................................................................................................5

*Parity Networks, LLC v. Cisco Sys., Inc.*,
 No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) .........................11, 12

*Parus Holdings Inc. v. Apple Inc.*,
 No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) ..............................................................................10

*Proxyconn Inc. v. Microsoft Corp.*,
 No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) .....................10

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
 730 F. Supp. 2d 349 (D. Del. 2010) ...........................................................................................10

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
| --- | --- |
| '020 patent | U.S. Patent No. 7,424,020 |
| Accused Products | Dell Edge Gateways |
| Complaint or Compl. | Complaint (D.I. 1) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

## I.  INTRODUCTION

Plaintiff's Complaint fails to allege that the Accused Products meet each and every limitation of the '020 patent claims.  The claims require that a "communication network" connected to a network node is a "***bus system***."  The bus system limitation was added during prosecution to overcome the prior art.  Yet Plaintiff's Complaint ignores this critical limitation, failing to allege or even suggest that the Accused Products connect to a communication network that is a "bus system."  Of course, Plaintiff did not allege that limitation is met because it cannot plausibly do so—Plaintiff's own allegations and the documents it relies upon demonstrate that the communication network connected to the Accused Products is definitively ***not*** a bus system.  Because Plaintiff has not stated—and cannot state—a claim for direct infringement, the Court should dismiss Plaintiff's claim for direct infringement.

The indirect infringement claims fare no better.  They are based on knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  They also completely fail to allege numerous other elements of induced and contributory infringement.

The deficiencies in Plaintiff's Complaint go far beyond mere failure to plead sufficient facts.  Not only has Plaintiff failed to even properly allege infringement, its own allegations preclude its claim.  As such, this case should be dismissed.

## II.   BACKGROUND

### A.   The '020 Patent

The '020 patent relates generally to transmitting data from a communication network to a terminal connected to a network node.[1] *See* '020 patent, 1:33–43. Figure 1 depicts a communication system with communication network KN, network nodes FSW 1 and FSW 2, and terminals TE1–TE6. *See id*. at 2:14–19.



Fig.1

---

[1] The '020 patent further relates to removing certain information as it travels from the communication network to the terminal. *See* '020 patent, 1:33–43. That aspect of the '020 patent is not relevant to this motion.

Plaintiff identifies a single claim, claim 6, in the Complaint:

> 6. A network node comprising:
>
>> a first interface for connecting the network node with two or more terminals;
>>
>> a second interface for connecting the network node with a communication network; and;
>>
>> a control unit which removes protocol data from a portion of protocol layers from a data stream received from the communication network via the second interface, the data stream comprising useful data and the protocol data, and switches a remaining data stream to be transmitted to one of the terminals via the first interface,
>>
>> **wherein the communication network is a bus system,** and
>>
>> wherein only one IP address is allocated to the network node for each of the two or more terminals connected to the network node.

(emphasis added).[2]  During prosecution of the '020 patent, the applicant overcame an examiner's rejection by amending the claim and adding the limitation "wherein the communication network is a bus system." *See* Rosenthal Decl., Ex. A (6/25/07 Amendments to the Claims) at 1–2.[3] The applicant expressly distinguished the prior art by stating that it "does not teach or suggest that 'the communication network is a bus system,' as [the] claim . . . requires." *See* Rosenthal Decl., Ex. B (6/25/07 Remarks) at 4–5.

---

[2] To be clear, while this motion addresses the sole identified claim in the Complaint, all independent claims of the '020 patent require the communication network to be a "bus system." *See* '020 patent, cls. 1, 6.

[3] On a motion to dismiss, the Court may "consider 'documents either attached to or incorporated in the complaint' and may 'take judicial notice of matters of public record' that are 'directly relevant to the issue at hand.'" *Insuremax Ins. Agencies, Inc. v. AEA Ins. Agencies, Inc.*, No. SA-13-CA-317-FB, 2014 WL 12481353, at *8 (W.D. Tex. Nov. 6, 2014), *report and recommendation adopted*, 2014 WL 12481354 (W.D. Tex. Dec. 3, 2014). "Prosecution histories constitute public records." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

B.     The Accused Product

Plaintiff accuses Dell Edge Gateways of infringing claim 6 of the '020 patent.  Compl. ¶¶ 13, 21.  Edge Gateways aggregate, secure and relay data from diverse sensors and equipment, which sit at the edge of a user's Internet network, providing a connection between these sensors and equipment and the Internet.  *See*, *e.g.*, https://i.dell.com/sites/doccontent/shared-content/data-sheets/en/Documents/Spec_Sheet_Dell_Edge_Gateway_5000_Series.pdf (last retrieved Oct. 3, 2020).[4]  For example, the following figure depicts how the Dell Edge Gateways allow a variety of devices (vehicles, security cameras, building automation and control systems, etc.) to communicate with the Internet.



*See* https://www.dell.com/ae/business/p/dell-edge-gateway-5000/pd (text added[5]) (last retrieved Oct. 3, 2020).  In other words, Edge Gateways make it "easy to connect your legacy industrial

---

[4]  All links are cited in WSOU's Complaint, unless otherwise noted.

[5]  The added text was obtained from https://i.dell.com/sites/doccontent/shared-content/data-sheets/en/Documents/Gateway_brochure_23_WEB.pdf (last retrieved Oct. 3, 2020), which was linked at the following page cited in Plaintiff's Complaint: https://www.dell.com/en-us/work/

systems and your new mesh networks." *See* https://www.dell.com/en-us/work/shop/gateways embedded-computing/sf/edge-gateway (last retrieved Oct. 3, 2020); *see also* https://www.softwareag.com/es/images/454421_en_tcm411-169242.pdf (describing how Edge Gateways are "bridging both legacy systems and modern sensors to the Internet") (last retrieved Oct. 3, 2020).

### III.  LEGAL STANDARD

#### A.  Direct Infringement

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

---

shop/gateways-embedded-computing/sf/edge-gateway (last retrieved Oct. 3, 2020). Plaintiff relies on the textless version of this figure in its Complaint. *See* Compl. ¶ 15.

### B. Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, Plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

6

IV.     **ARGUMENT**

       A.        **Plaintiff Fails to State a Claim for Direct Infringement**

Plaintiff's Complaint should be dismissed because it does not plausibly allege that Edge Gateways meet *all* the limitations of claim 6 of the '020 patent. As this Court recognizes, under *Iqbal/Twombly*, the plaintiff must allege at least a "short written description of how the accused instrumentalities meet" ***each*** limitation of the claim. *See De La Vega*, 2020 WL 3528411, at *6 (granting motion to dismiss because plaintiff failed to explain and allege one limitation of the claim). This Court's decisions are consistent with other courts holding that the *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent." *E.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met"); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly indicate that the accused products contain *each of the limitations* found in the claim." (emphasis added)); *Lexington Luminance LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 3:18-01074-K, slip op. at 3 (N.D. Tex. Oct. 9, 2018) ("Because of [the complicated nature of the technology involved], a plausible inference that an accused device meets all the limitations of the asserted claims cannot be inferred from the bare conclusory allegations that this is so."). Plaintiff has not explained how Edge

7

Gateways meet the claimed limitation of "wherein the communication network is a bus system." Thus, Plaintiff has not pleaded a plausible claim of infringement and its Complaint must be dismissed.

Claim 6 requires that the "communication network is a bus system." '020 patent, cl. 6; *see supra* section II. This limitation was specifically added during prosecution to overcome the prior art. *See* Ex. A. Despite the centrality of this limitation in securing allowance of the '020 patent, Plaintiff's Complaint is ***silent*** regarding this limitation. Plaintiff does not allege that the communication network is a "bus system." Nor can it; the very documents upon which Plaintiff relies in alleging infringement explicitly state that Edge Gateways interface with the Internet and mesh networks. *See* https://www.dell.com/en-us/work/shop/gateways-embedded-computing/sf/edge-gateway ("connect[ing] your legacy industrial systems and your new mesh networks") (last retrieved Oct. 3, 2020). Neither the Internet nor mesh networks is alleged to be a bus system because they are not bus systems.

Plaintiff's allegations also demonstrate that Edge Gateways are ***not*** connected to a communication network that is a "bus system." For example, Plaintiff identifies the Internet (which is indisputably not a bus system) as the claimed "communication network." *See* Compl. ¶ 15 (alleging that Edge Gateways connect "to the internet (i.e. communication network)"); *see also id*. ¶ 16 (alleging that Edge Gateways receive data "from the internet (i.e. communication network)"). Elsewhere, Plaintiff identifies the Edge Gateways' communication network as the "IP network/cloud." Compl. ¶ 20 (describing routing data "in the communication network (i.e. IP network/cloud)"). Again, such a network cannot be—and is not—alleged to be a bus system. Plaintiff cannot reconcile the claim's requirement that the communication network is a "bus system" with its own allegations and cited documents. Because Plaintiff's own Complaint

demonstrates non-infringement, and it has not even attempted to allege that a critical claim limitation is met under *Iqbal/Twombly*, the Court should dismiss the Complaint.

### B. Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are deficient and should be dismissed. As an initial matter, Plaintiff's failure to plausibly allege direct infringement by a third party precludes its claims of induced and contributory infringement. Beyond that failing, Plaintiff has failed to plead any knowledge by Defendants of the patent, or knowledge by Defendants of alleged infringement, ***prior*** to the filing of this action. Plaintiff also fails to plead a specific intent to induce infringement. And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses. Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

#### 1. Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement by a third party. *See supra* § IV.A. It is axiomatic that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement" by a third party. *Enplas*, 909 F.3d at 407 (citations omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . ."). As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement, and these claims should be dismissed.

#### 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement allegations fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR,

9

2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '020 Patent *since at least the date of service of this Complaint*." Compl. ¶ 23 (emphasis added).[6] This Court has rejected identical allegations of knowledge. For example, in *Parus*, this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*." *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) at ¶ 44 (emphasis added); *see id.* at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims). Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *Aguirre*, 2011 WL 2471299, at *3.[7]

---

[6] Plaintiff's allegation of knowledge of infringement is likewise deficient as it alleges such knowledge only "[s]ince at least the date of service of this Complaint." Compl. ¶ 25; *see, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent." (D.I. 28 (Amended Compl.)at ¶ 44)).

[7] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*, 912 F. Supp. 2d 1338, 1345 (M.D. Fla. 2012) ("The weight of authority addressing the knowledge

10

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)) (emphasis added). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and two website citations. *See* Compl. ¶ 24.[8] Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the

---

required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

[8] Plaintiff never once alleges that these third parties *actually* infringed.

11

patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[9]

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a fundamental requirement of induced infringement.

### 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Compl. ¶ 22. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

---

[9] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend.  Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

| | |
|---|---|
| Dated:  October 05, 2020 | By:  */s/ Barry K. Shelton* |

        Barry K. Shelton
        Texas State Bar No. 24055029
        bshelton@sheltoncoburn.com
        **SHELTON COBURN LLP**
        311 RR 620, Suite 205
        Austin, TX  78734-4775
        Telephone:  512.263.2165
        Facsimile:  512.263.2166

        Benjamin Hershkowitz
        bhershkowitz@gibsondunn.com
        Brian A. Rosenthal
        brosenthal@gibsondunn.com
        Allen Kathir
        akathir@gibsondunn.com
        Kyanna Sabanoglu
        ksabanoglu@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        200 Park Avenue
        New York, NY  10166-0193
        Telephone:  212.351.4000
        Facsimile:  212.351.4035

        Y. Ernest Hsin
        ehsin@gibsondunn.com
        Jaysen S. Chung
        jschung@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        555 Mission Street, Suite 3000
        San Francisco, CA  94105-0921
        Telephone:  415.393.8200
        Facsimile:  415.393.8306

        Ryan K. Iwahashi
        riwahashi@gibsondunn.com
        **GIBSON, DUNN & CRUTCHER LLP**
        1881 Page Mill Road
        Palo Alto, CA  94304-1211
        Telephone:  650.849.5300
        Facsimile:  650.849.5333

        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on this 5th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

                  */s/ Barry K. Shelton*

                  Barry K. Shelton