**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., AND EMC CORPORATION,<br><br>Defendants. | Case No. 6:20-cv-00482-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................1

    A. The '020 Patent ............................................................................................................ 1

    B. The Accused Product .................................................................................................. 3

III. LEGAL STANDARD ............................................................................................................4

    A. Direct Infringement..................................................................................................... 4

    B. Induced and Contributory Infringement ................................................................. 5

IV. ARGUMENT..........................................................................................................................6

    A. Plaintiff Fails to State a Claim for Induced and Contributory Infringement........................................................................................................... 6

        1. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement................................................................................................. 6

        2. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement................................................................................................. 8

        3. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement ....................................... 10

V. CONCLUSION......................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 F. App'x 934 (Fed. Cir. 2015) .................................................................................5, 9

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ...............................5, 6, 9

*Aguirre v. Powerchute Sports, LLC*,
  No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..........................6, 7

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ....................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................4

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
  904 F. Supp. 2d 1260 (M.D. Fla. 2012) ..............................................................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ....................................................................................................5, 6

*De La Vega v. Microsoft Corp.*,
  2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ....................................................................5

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) .....................................9

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ...........................................................................................9

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ..................................7

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
  909 F.3d 398 (Fed. Cir. 2018) .............................................................................................5

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ...........................................................................................6

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ..................................................................................................................5

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ......................................9

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017) .................................................................................................5

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   594 F.3d 383 (5th Cir. 2010) .....................................................................................................3

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) .....................................................................................................4

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
   No. 6:14-CV-1017-ORL-22, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ............................8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ..............................9

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432 (W.D. Tex. Feb. 20, 2020) .........................................................................6, 7

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ......................8

*Simplivity Corp. v. Springpath, Inc.*,
   No. CV 4:15-13345-TSH, 2016 WL 5388951 (D. Mass. July 15, 2016) .................................8

*VLSI Tech. LLC v. Intel Corp.*,
   C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ........................................7

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '020 patent | U.S. Patent No. 7,424,020 |
| Accused Products | Dell Edge Gateways |
| Amended Complaint or Am. Compl. | First Amended Complaint (D.I. 36) |
| Defendants | Dell Technologies Inc., Dell Inc., and EMC Corporation |
| Original Complaint or Compl. | Original Complaint (D.I. 1) |
| WSOU or Plaintiff | WSOU Investments, LLC d/b/a Brazos Licensing and Development |

**I.      INTRODUCTION**

Plaintiff has not plausibly alleged—and cannot plausibly allege—indirect infringement in this case, under any theory.[1]  Plaintiff's Original Complaint alleged knowledge of the patent only as of the date of the Complaint, which this Court has repeatedly held is insufficient to sustain a claim of indirect infringement.  The Amended Complaint tries—and fails—to circumvent that clear rule by alleging knowledge based on a complaint Plaintiff earlier filed and dismissed before filing the present case.  Neither basis is sufficient; Plaintiff still has not adequately alleged pre-suit knowledge of the patent.  The indirect allegations also fail to allege other requisite elements of induced and contributory infringement.  As such, Defendants respectfully request that this case be dismissed.

**II.     BACKGROUND**

   **A.      The '020 Patent**

The '020 patent relates generally to transmitting data from a communication network to a terminal connected to a network node.[2]  *See* '020 patent at 1:33–43.  Figure 1 depicts a

---

[1] Defendants' prior motion to dismiss also argued for dismissal of the direct infringement claim because Plaintiff's Original Complaint ignored that the asserted claim required the "communication network" to be a bus system.  *See* D.I. 33.  Plaintiff's Original Complaint stated the communication network is the "internet" or "IP Network/cloud," which are inarguably not "bus systems."  *See id*. at 8.  Without explanation, Plaintiff's Amended Complaint drops those allegations, and now relies on a third-party competitor's (Transition Networks) website to allege that the "communication network is a bus system."  *See* Am. Compl. ¶ 20.  While Defendants look forward to demonstrating that Plaintiff's allegation is plainly incorrect, Defendants do not challenge WSOU's allegation in this motion to dismiss given the applicable standard for a motion to dismiss.

[2] The '020 patent further relates to removing certain information as it travels from the communication network to the terminal.  *See* '020 patent at 1:33–43.  That aspect of the '020 patent is not relevant to this motion.

1

communication system with communication network KN, network nodes FSW 1 and FSW 2, and terminals TE1–TE6. *See id*. at 2:14–19.



Plaintiff identifies a single claim, claim 6, in the Amended Complaint, *see* Am. Compl. ¶ 24:

> 6. A network node comprising:
>
> a first interface for connecting the network node with two or more terminals;
>
> a second interface for connecting the network node with a communication network; and;
>
> a control unit which removes protocol data from a portion of protocol layers from a data stream received from the communication network via the second interface, the data stream comprising useful data and the protocol data, and switches a remaining data stream to be transmitted to one of the terminals via the first interface,

2

>    wherein the communication network is a bus system, and
>
>    wherein only one IP address is allocated to the network node for each of the two or more terminals connected to the network node.

### B. The Accused Product

Plaintiff accuses Dell Edge Gateways of infringing claim 6 of the '020 patent. Am. Compl. ¶¶ 13, 24. Edge Gateways aggregate, secure and relay data from diverse sensors and equipment, which sit at the edge of a user's Internet network, providing a connection between these sensors and equipment and the Internet. *See, e.g.*, https://i.dell.com/sites/doccontent/shared-content/data-sheets/en/Documents/Dell_Edge_Gateway_3000_Series_spec_sheet.pdf (last retrieved Oct. 28, 2020).[3] For example, the following figure depicts how the Dell Edge Gateways allow a variety of devices (vehicles, security cameras, building automation and control systems, etc.) to communicate with the Internet.



---

[3] All links are cited in WSOU's Amended Complaint, unless otherwise noted. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that in deciding a Rule 12(b)(6) motion, the court may review "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

*See* https://www.dell.com/ae/business/p/dell-edge-gateway-5000/pd (text added[4]) (last retrieved Oct. 28, 2020). In other words, Edge Gateways make it "easy to connect your legacy industrial systems and your new mesh networks." *See* https://www.dell.com/en-us/work/shop/gateways embedded-computing/sf/edge-gateway (last retrieved Oct. 28, 2020); *see also* https://www.softwareag.com/es/images/454421_en_tcm411-169242.pdf (describing how Edge Gateways are "bridging both legacy systems and modern sensors to the Internet") (last retrieved Oct. 28, 2020).

### III. LEGAL STANDARD

#### A. Direct Infringement

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to

---

[4] The added text was obtained from https://i.dell.com/sites/doccontent/shared-content/data-sheets/en/Documents/Gateway_brochure_23_WEB.pdf (last retrieved Oct. 28, 2020), which was linked at the following page cited in Plaintiff's Amended Complaint: https://www.dell.com/en-us/work/shop/gateways-embedded-computing/sf/edge-gateway (last retrieved Oct. 28, 2020). Plaintiff relies on the textless version of this figure in its Amended Complaint. *See* Am. Compl. ¶ 15.

raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."). For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

### B.  Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both induced and contributory infringement, plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Id.* at *7, *21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention."

5

*Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

IV.   **ARGUMENT**

   A.   **Plaintiff Fails to State a Claim for Induced and Contributory Infringement**

Plaintiff's indirect infringement claims are deficient and should be dismissed. As an initial matter, Plaintiff has failed to adequately plead any pre-suit knowledge by Defendants of the patent, or pre-suit knowledge by Defendants of alleged infringement. Plaintiff also fails to plead a specific intent to induce infringement. And Plaintiff has not pled, and cannot plead, that there are no substantial non-infringing uses. Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

   1.   **Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement**

Plaintiff's indirect infringement claims fail because they do not adequately plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require ***pre-suit*** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement"). Moreover, this Court has held—earlier this year—that allegations of knowledge based on a prior filed complaint are not enough to overcome a motion to dismiss. *See Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (dismissing indirect infringement claims where plaintiff's only allegation of knowledge were that "Defendant Apple has had knowledge of the '431 Patent since ***at least the filing of the original complaint***" and "[b]y the time of trial, Defendant Apple will have known

6

and intended (since receiving such notice) that their continued actions would actively induce the infringement") (quoting D.I. 28 (Am. Compl.) ¶ 44 (emphasis added)).

The Amended Complaint includes an erroneous footnote that attempts to distinguish *Aguirre* by asserting that "Delaware courts have since rejected this rule." Am. Compl. ¶ 27 n.1. Plaintiff's statement that Delaware has rejected the pre-suit knowledge requirement is incorrect. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he complaint itself cannot serve as the basis for a defendant's actionable knowledge."); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) ("'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim. For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement.'" (citation omitted)). In any event, *this* Court has expressly adopted the pre-suit knowledge requirement, and continues to do so. *See, e.g.*, *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54.

Despite this clear precedent, Plaintiff's only allegations of knowledge are based on the filing of its prior complaint asserting the same patent, which it inexplicably dismissed:

> ***In May 2020, Plaintiff filed a suit against Defendants asserting infringement of the same patent and by the same accused products*** that are asserted in this case. Plaintiff dismissed the prior suit before filing this suit. ***As a result of the prior suit, Defendants had notice and actual or constructive knowledge of their infringement of the patent-in-suit since at least May 2020, before the filing of this case***. Further, Defendants had knowledge of their infringement of the patent-in-suit before the filing of this Amended Complaint.

Am. Compl. ¶ 27 (emphasis added). Like the allegations in *Parus*, WSOU's allegations of knowledge are limited to references to a prior filed complaint and thus fail to state a claim for indirect infringement. *See id.*; *Parus*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING

7

D.I. 54.[5]  To make matters worse, Plaintiff's May 19, 2020 complaint was **never served**, so it cannot form the basis for Defendants' knowledge.  *See* Rosenthal Decl., Ex. A (Docket for *WSOU v. Dell Inc., et al.*, No. 6-20-cv-00412) (showing dismissal prior to service of the complaint). Allowing Plaintiff to avoid the pre-suit knowledge requirement by filing a complaint, voluntarily dismissing that complaint, and refiling the same complaint two weeks later, would be at odds with the knowledge requirement itself.[6]  And, it would elevate form over substance and encourage litigants to use such a tactic to essentially eviscerate the pre-suit knowledge requirement.

Plaintiff's failure to raise a plausible inference of pre-suit knowledge of the patent and knowledge of infringement are fatal to its indirect infringement claims, and as such these claims should be dismissed.

    **2.    Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement**

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to

---

[5] *See also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself ***or previous complaints in the same lawsuit establish the defendant's knowledge of the patent***" (emphasis added)); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 1246500, at *9 (M.D. Fla. Mar. 16, 2015) ("'Prior to suit' does not mean prior to the current iteration of the Complaint.").

[6] *See, e.g.*, *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *Simplivity Corp. v. Springpath, Inc.*, No. CV 4:15-13345-TSH, 2016 WL 5388951, at *8 (D. Mass. July 15, 2016) ("The suggested 'knowledge via filing' framework dilutes the knowledge requirement to the point of meaninglessness, since by virtue of being sued for infringement, a party necessarily is aware of the patent-in-suit.").

8

encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising, promotional materials, and two website citations. *See* Am. Compl. ¶ 28. Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts would infringe, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the Asserted Patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding Plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.[7]

Plaintiff's inducement claim should be dismissed because the Amended Complaint is entirely silent on a key requirement of induced infringement.

---

[7] *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint." (emphasis in original)); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

9

### 3. Plaintiff Fails to Allege the Requisite Lack of Substantial Non-Infringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citation omitted). Plaintiff has not pled a lack of substantial non-infringing uses because it cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Am. Compl. ¶ 29. As the Federal Circuit held in *Artrip*, conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim, and as such it should be dismissed.

### V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Amended Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated: October 30, 2020   By: */s/ Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
**SHELTON COBURN LLP**
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of October 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1).

*/s/ Barry K. Shelton*

Barry K. Shelton
